FILED

06/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 11-0244

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## AF 11-0244

IN RE RULES FOR ADMISSION
TO THE BAR OF MONTANA

O R D E R

On June 5, 2020, the State Bar of Montana Board of Trustees filed a petition in support of Temporary Rules for Admission to the Bar of Montana.

After consideration of the proposed amendments, the Court has determined to issue an expedited order given the unusual circumstances prompting this request, the fact that the date of the Montana Uniform Bar Exam is July 28-29, 2020, and the need for this Court to act expeditiously.

IT IS ORDERED that the Petition to Adopt Temporary Rules for the Admission to the Bar of Montana is GRANTED, and the attached Rules are ADOPTED, effective immediately.

This Order and the attached Rules shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this Order and attached Rules to the State Law Library, to Todd Everts and Connie Dixon at Montana Legislative Services, to Chad Thomas and the Thomson Reuters Rules department at Thomson Reuters, to Patti Glueckert and the Statute Legislation department at LexisNexis, and to the State Bar of Montana, with the request that the State Bar provide notice of the revised Rules on its website and in the next available issue of the *Montana Lawyer*.

DATED this 17th day of June, 2020.

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

## TEMPORARY RULES FOR ADMISSION TO THE BAR OF MONTANA

### A. Purpose

1. In light of the extraordinary circumstances created by the global pandemic of COVID-19, some candidates will be unable or unwilling to sit in person for the Montana Uniform Bar Examination and will choose to defer until the next administration of the exam.

2. Postponing the bar examination may impair the livelihoods of those persons as well as the lawyers and law firms who intended to employ those persons.

3. Through provisional admission of eligible persons, the Court seeks to mitigate the economic hardships for those candidates who are unable or unwilling to sit for the Montana bar examination while fulfilling the Court's responsibility to protect the public by ensuring that persons practicing law in Montana are competent to do so.

### B. Eligible Persons

1. A recent graduate of law school is eligible for provisional admission to the Montana State Bar if he or she:

   a) Graduated from a law school accredited by the American Bar Association in the 18 months immediately preceding his or her application for provisional admission;

   b) Has been certified as fit to practice law by the Montana Commission on Character and Fitness;

   c) Has been certified by the dean of the law school from which he or she graduated as being of good character and competent legal ability;

   d) Has not failed a bar examination in any jurisdiction; and

   e) Has not been denied admission in any other jurisdiction.

2. A lawyer admitted to practice in another jurisdiction is eligible for provisional admission if he or she:

   a) Has been admitted by examination to the practice of law in another jurisdiction in the United States, is in good standing in every jurisdiction in which he or she is admitted to the practice of law, and is not the subject of any pending disciplinary proceedings in any jurisdiction;

b) Has been certified as fit to practice law by the Montana Commission on Character and Fitness;

c) Has not been denied admission in any other jurisdiction; and

d) Is not eligible for admission upon motion under Section V of these Rules, *Admission on Motion.*

**C. Application for Provisional Admission**

1. To seek provisional admission, an eligible person must submit an application to the Montana Board of Bar Examiners on a form issued by the Board for this purpose, along with any required documentation.

2. The applicant must have obtained a scaled score of 80 or higher on the Multistate Professional Responsibility Examination (MPRE) from any testing site:

    a) No earlier than three years before the date of the applicant's provisional admission, or

    b) No later than 12 months after the date of the applicant's provisional admission.

3. The applicant shall acknowledge in writing that, upon provisional admission, the applicant is subject to these Rules and the Montana Rules of Professional Conduct.

4. The applicant shall further acknowledge that any violation of these Rules or of the Montana Rules of Professional Conduct may subject the applicant to discipline by the Montana Office of Disciplinary Counsel and/or this Court, which may include:

    a) Suspension of this provisional admission; and/or

    b) Revocation of the applicant's certification of fitness by the Commission on Character and Fitness.

**D. Certificate of Provisional Admission**

1. Upon determination by the Montana Board of Bar Examiners that the applicant is eligible for provisional admission, the Bar Admissions Administrator shall issue the applicant a Certificate of Provisional Admission.

2. Prior to the applicant's provisional admission to the Montana Bar, he or she shall:

    a) Sign the roll of attorneys kept by the Clerk of the Montana Supreme Court;

    b) Sign the attorney ethics oath;

c) Recite the oath prescribed by the Montana Supreme Court, which may be administered by any Montana district judge or Supreme Court justice or the Clerk of the Montana Supreme Court;

d) Provide proof of insurance as required by section E(1); and

e) Pay the following fees:

  i. State of Montana license tax;

  ii. State Bar of Montana fees and assessments; and

  iii. Fees and assessments for the Office of Disciplinary Counsel and the Lawyers' Fund for Client Protection.

**E. Practice Requirements: Supervised Practice & Malpractice Insurance**

1. At all times, a person provisionally admitted to the Montana Bar shall be insured for legal malpractice.

2. At all times, a person provisionally admitted to the Montana Bar shall be supervised by a lawyer who

   a) Was admitted to the Montana Bar no later than October 1, 2015;

   b) Is an active member of the State Bar of Montana in good standing; and

   c) Has never been the subject of public discipline.

3. A provisionally admitted lawyer shall disclose to each client at the outset of the representation that he or she is provisionally admitted and may practice only under supervision.

   a) A provisionally admitted lawyer shall provide each client in writing the name of the lawyer supervising him or her, including the lawyer's firm name, mailing address, email address, telephone number, and Montana bar number.

   b) Every document a provisionally admitted lawyer files in a Montana state or federal court or tribunal shall:

     i. Expressly disclose that the person is provisionally admitted, and

     ii. Shall identify the lawyer supervising the provisionally admitted person, including the supervising lawyer's firm name, mailing address, email address, telephone number, and Montana bar number.

4. A provisionally admitted lawyer appearing in a Montana court or administrative tribunal must file a document showing the supervising attorney's and client's written consent to the provisionally admitted lawyer's representation.

    a) The provisionally admitted lawyer must orally advise the court at the initial appearance that he or she is certified to appear pursuant to this rule.

## F. Authorized Scope of Practice

Subject to the limitations described *infra*, a person provisionally admitted to the Montana Bar may appear in courts of record, administrative tribunals, arbitration hearings, and other judicial and quasi-judicial proceedings in all civil and criminal matters.

1. In civil cases in any court or tribunal, the person on whose behalf an appearance is being made must consent to the supervising attorney's absence.

2. In any criminal matter in which the defendant does not have the right to counsel under a constitutional provision, statute, or rule of this court, the supervising attorney is not required to be personally present in court. However, if the defendant has the right to counsel, the supervising lawyer must be personally present throughout the proceedings.

## G. Publication

The State Bar of Montana shall publish the names of all persons provisionally admitted to the Montana Bar, including in the Montana Lawyer.

## H. Termination of Provisional Admission

1. A person's provisional admission shall terminate immediately if the provisionally admitted lawyer:

    a. does not sit for either of the first two Montana Uniform Bar Examinations administered after the date these rules are adopted by the Montana Supreme Court;

    b. fails the Montana Uniform Bar Examination; or

    c. is sworn in as a full member of the Montana Bar.

2. A person who passes the Montana Uniform Bar Examination shall be provisionally admitted until the first of the following occurs:

    a) 60 days pass after the Board of Bar Examiners releases the results of the Montana Uniform Bar Examination, or

4

b) The person is sworn in as a full member of the Montana Bar.

3. If a provisionally admitted person becomes eligible for full admission to the Montana bar by admission on motion before his or her provisional admission expires, he or she shall promptly take the steps necessary to complete his or her full admission on motion.

4. The Montana Supreme Court has the authority to revoke or suspend any provisional admission for good cause shown upon the motion of the Montana Office of Disciplinary Counsel or the Montana Board of Bar Examiners, or upon proof of the provisional lawyer's violation of these Rules or of the Montana Rules of Professional Conduct.

## I. Automatic Expiration of These Rules

1. Unless otherwise ordered by the Montana Supreme Court, these Temporary Rules of Admission to the Montana Bar will expire 60 days after the Board of Bar Examiners releases the results of the second Montana Uniform Bar Examination administered after the date these rules are adopted by the Montana Supreme Court.

2. The Montana Supreme Court may extend these rules as required by the continuing public health emergency and, if necessary, will do so by further order.